DOROTHY BROVACKO, PLAINTIFF-APPELLEE, v. THOMAS NICKOLOPULOS, DEFENDANT-APPELLANT.

Submitted May term, 1931—Decided August 14, 1931.

Before Justices CAMPBELL, LLOYD and BODINE.

For the appellant, *John A. Matthews.*

For the appellee, *Isadore Zuckerman.*

PER CURIAM.

The appellant is the owner of a building, one store in which he leased to the other defendant, Galante, and occupied by the latter as a fruit and vegetable market. Under this lease Galante had the privilege of maintaining a stand in front of the store. The plaintiff below alleged that as she was walking along the sidewalk in front of the store of Galante she slipped upon some vegetable leaves or other refuse, on the walk, and fell, receiving injuries for which alleged damage she brought suit against both the appellant, owner of the building, and Galante, the tenant, and upon a trial of her cause before the court, without a jury, succeeded in obtaining a judgment against both.

Nickolopulos, the owner, alone appeals.

The first ground for reversal urged is that the court erred in refusing to dismiss the complaint as against the appellant owner.

We think there was no error in this action because if there was proof produced to substantiate the charge we are inclined to think there would have been legal liability. However, we pass this without further comment or serious consideration.

The remaining two grounds, error in refusing to nonsuit and direct a verdict are argued together.

We think either or both motions should have been granted, so far as appellant is concerned. He was the owner of the property and occupied one of the upper floors as a living apartment.

The refuse upon the sidewalk, complained of by the plaintiff as the cause of her fall and injury, came there, if at all, through no act of the appellant or attributable to him and came solely through the act of Galante, the tenant, and person in possession of the store and stand.

It is further urged that the appellant, as owner, was liable because he created and maintained a nuisance upon the sidewalk by expressly giving authority to his tenant to maintain the stand thereon. Perhaps the stand may have been a nuisance as an encumbrance in the public highway, but if

it was such, encroachment was not the proximate cause of the happening and injury to the plaintiff.

Failing to find any proof of negligence chargeable, or imputable, to the appellant-owner, constituting the proximate cause of the happening of which the plaintiff complains, we conclude that the trial court erred in refusing to nonsuit and direct a verdict.

There will be a reversal of the judgment as to the appellant.